IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| PHILLIP BOSWELL, INDIVIDUALLY AND AS SURVIVING SPOUSE OF SHELIA BOSWELL; RANEY REYNOLDS, INDIVIDUALLY AND AS SURVIVING PARENT OF SHELIA BOSWELL, TIFFANY YOUNG, TABATHA ACKER, AARON BOSWELL, JESSICA CARTER AND TAYLOR YOUNG, ALL INDIVIDUALLY AND AS SURVIVING CHILDREN OF SHELIA BOSWELL,<br><br>    Plaintiffs,<br><br>v.<br><br>C.H. WILKINSON PHYSICIAN NETWORK d/b/a CHRISTUS PROVIDER NETWORK AND DENNIS O'BANION, MD.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.  5:16-CV-00150 |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

Plaintiffs Phillip Boswell, Individually and as Surviving Spouse of Shelia Boswell; Raney Reynolds, Individually and as Surviving parent of Shelia Boswell, Tiffany Young, Tabatha Acker, Aaron Boswell, Jessica Carter and Taylor Young, all Individually and as Surviving Children of Shelia Boswell bring this first amended complaint against C. H. Wilkinson Physician Network d/b/a CHRISTUS Provider Network and Dennis O'Banion, MD.

## I.

## **PARTIES**

1.1     Plaintiff Phillip Boswell is a natural person who was married to Shelia Boswell at the time of her death.  Phillip Boswell's primary residence is located in Texarkana, Arkansas, which is the same location Shelia Boswell and Phillip Boswell lived at the time of Shelia Boswell's death on October 19, 2014.

1.2     Plaintiff Raney Reynolds is a natural person who is the mother of Shelia Boswell. Ms. Reynolds' primary residence is located in Texarkana, Arkansas.

1.3     Plaintiff Tiffany Young is a natural person who is a child of Shelia Boswell.  Ms. Young's primary residence is located in Texarkana, Arkansas.

1.4     Plaintiff Tabatha Acker is a natural person who is a child of Shelia Boswell.  Ms. Acker's primary residence is located in Sunset, Louisiana.

1.5     Plaintiff Aaron Boswell is a natural person who is a child of Shelia Boswell.  Mr. Boswell's primary residence is located in Texarkana, Arkansas.

1.6     Plaintiff Jessica Carter is a natural person who is a child of Shelia Boswell.  Ms. Carter's primary residence is located in Texarkana, Arkansas.

1.7     Plaintiff Taylor Young is a natural person who is a child of Shelia Boswell.  Ms. Young's primary residence is located in Texarkana, Arkansas.

1.8     Defendant C. H. Wilkinson Physician Network d/b/a CHRISTUS Provider Network is a Texas Corporation doing business in the state of Texas.  Defendant has been served and previously appeared in this lawsuit.

1.10 Defendant, Dennis O'Banion, M.D., is an individual who resides in Bowie County, Texas. Dennis O'Banion, M.D., is a physician licensed to practice medicine in Texas. Defendant has been served and previously appeared in this lawsuit.

## II.

## JURISDICTION

2.1 This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,0000, exclusive of interest and costs.

## III.

## VENUE

3.1 Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because of a substantial part of the events or omissions giving rise to the claim occurred in this district.

3.2 Venue is also proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## IV.

## NOTICE REQUIRED BY TEX. CIV. PRAC. & REM. CODE CHAPTER 74 NOTICE

4.1 In the event it is determined that the pre-suit notice rules for medical malpractice cases in Texas state court apply, Plaintiffs provided proper notice to Defendants pursuant to Tex. Civ. Prac. & Rem. Code § 74.051. Plaintiffs agree to provide evidence of such notice if the Court requires.

**V.**

**FACTS**

5.1     This case concerns the negligent medical care provided to Shelia Boswell by Defendants on October 19, 2014.  The facts and circumstances surrounding Defendants' negligence include, but are not limited to, the following:

5.2     In September 2014, Shelia Boswell began experiencing abdominal pain.  After consultation with a physician, Howard Schmidt, MD, it was determined that gallstones had formed, and that a laparoscopic cholecystectomy should be performed to remove Ms. Boswell's gallbladder.  On September 29, 2014, Dr. Schmidt performed a laparoscopic cholecystectomy and removed Ms. Boswell's gallbladder.

5.3     On October 11, 2014, Shelia Boswell returned to St. Michael's Hospital in Texarkana, Texas, complaining of abdominal pain.  Testing detected a cystic duct leak treated with placement of a stent and JP drain.

5.4     On October 18, 2014, Shelia Boswell returned to St. Michael's Hospital in Texarkana, Texas, after noticing some blood in the JP drain.  Ms. Boswell was admitted into the hospital by Defendant Dennis O'Banion, MD so that he could monitor Ms. Boswell's hemoglobin and hematocrit.

5.5     On the morning of October 19, 2014 Defendant Dennis O'Banion, MD prepared to discharge Sheila Boswell.  Her hemoglobin and hematocrit had been stable, vital signs were good, her abdomen was benign and the JP bulb was collapsed with some old blood in it.  When the nurse disconnected the IV, she became cold and clammy.  Defendant Dennis O'Banion, MD ordered a CT angiogram to rule out pulmonary embolism, a CT of the abdomen and a repeat of the hemoglobin and hematocrit.

5.6     Ms. Boswell's hemoglobin had dropped from 9.8 to 5.6.  Believing that she might have acute abdominal bleeding, Defendant Dennis O'Banion, MD decided that an emergency surgery was needed.  Defendant Dennis O'Banion, MD placed a central venous catheter for blood transfusion and transported Ms. Boswell to the operating room.  During the transport to the operating room, Ms. Boswell complained of some chest pain and stopped breathing.  Within a few minutes Ms. Boswell's vital signs were lost.

5.7     During placement of the central venous catheter, Defendant Dennis O'Banion MD perforated the subclavian artery and tore the coronary sinus.  With blood transfusing through the catheter, fluid began building up around the heart within the pericardial sac resulting in cardiac tamponade and vascular collapse.

5.8     When Defendant Dennis O'Banion, MD opened the abdomen he was surprised to find that it was not full of blood.  The amount of blood in the abdominal cavity simply was not enough to explain the cardiovascular collapse.  When CPR was interrupted, there was pulseless electrical activity because of the continuing and worsening cardiac tamponade.  After about 30 minutes, Sheila Boswell's pupils were fixed and dilated and she was pronounced dead in the operating room.

5.9     Defendant C. H. Wilkinson Physician Network d/b/a CHRISTUS Provider Network and Dennis O'Banion, MD. is vicariously liable for the acts of negligence of it's servant, borrowed servant, employee and agent, Defendant Dennis O'Banion, MD, in the care and treatment of Sheila Boswell on October 19, 2014.  Defendant Dennis O'Banion, MD, was negligent in his care of Sheila Boswell as set forth in detail below.

5.10    Defendant Dennis O'Banion, MD, was negligent in his medical care of Shelia Boswell on October 19, 2014, as set forth in detail below.  At all times material to this litigation,

Defendant Dennis O'Banion, MD was acting within the course and scope of his employment with Defendant C. H. Wilkinson Physician Network d/b/a CHRISTUS Provider Network.

## VI.

## CAUSE OF ACTION

6.1     Defendants C. H. Wilkinson Physician Network d/b/a CHRISTUS Provider Network and Dennis O'Banion, MD., breached the recognized standard of acceptable professional practice at the time of Shelia Boswell's treatment.  Defendants failed to act with the ordinary and reasonable care that physicians and healthcare providers would provide in the same or similar circumstances, and was therefore negligent.  Defendants were negligent in the following ways, including but not limited to:

(1)     Negligent placement of the central venous catheter.  When Defendant Dennis O'Banion, MD placed the central venous catheter, he failed to limit the depth of the guide wire and catheter.  As a result, Defendant Dennis O'Banion, MD perforated the subclavian artery and tore the coronary sinus.  The negligent placement of the central venous catheter followed by infusion of blood and saline, resulted in cardiac tamponade that caused the death of Shelia Boswell.

(2)     Failing to drain the blood and fluid around the heart immediately after realizing that there was not a lot of blood in the abdominal cavity.  Defendant Dennis O'Banion, MD failed to look for other causes of cardiovascular collapse after not finding a lot of blood or other causes for the cardiovascular collapse in the abdomen.  Defendant Dennis O'Banion, MD failed to explore the pericardium through either the abdomen or the chest knowing that pneumothorax, hemothorax, pericardial rupture and cardiac tamponade are known and foreseeable complications of enteral venous catheterization.  Defendant Dennis O'Banion, MD failed to consider or recognize cardiac tamponade as the cause of the cardiovascular collapse and pulseless electrical activity when there was ventricular ectopy during placement of the central venous catheter and Sheila Boswell complained of chest pain and collapsed shortly after placement of the central venous catheter.  Shelia Boswell died because blood and fluid around her heart was not drained.

(3)     Failing to use the femoral artery for emergency catheter placement thereby avoiding the risks of a right subclavian vein catheterization.

6.2    If Defendants had acted with the ordinary and reasonable care that physicians and healthcare providers would provide in the same or similar circumstances, Ms. Boswell would have been resuscitated and would have survived.

## VII.

## PROXIMATE CAUSE

7.1    Each and every, all and singular of the foregoing acts and omissions, on the part of each Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the death of Shelia Boswell and damages set forth below.

## VIII.

## CLAIM FOR DAMAGES FOR WRONGFUL DEATH

8.1    This claim for damages resulting from the wrongful death of Shelia Boswell, hereinafter called "the decedent" is brought by Plaintiffs pursuant to Texas Civil Practice and Remedies Code, 71.001 *et. seq*.  This claim is based upon the facts and legal theories more fully set out above.

8.2    At the time of death, the decedent was in reasonably good health with a normal life expectancy.  The decedent was a loving and dutiful wife, and provided reasonable household services to her husband, as well as love, care, affection, nurture, advice, counsel, guidance, and affection, all of which she would have continued to provide in the future.

8.3    As a result of the untimely death of decedent, Plaintiff Phillip Boswell has suffered pecuniary loss from the death of his wife, Shelia Boswell, including loss of earnings, loss of income, loss of care, maintenance, support, services, advice, counsel and contributions of pecuniary value that she would, in reasonable probability, have continued to receive from his spouse during his lifetime, had she lived.

8.4 In addition, Plaintiff Phillip Boswell has suffered loss of consortium and damages to the husband-wife relationship, including loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to successful marriage. Plaintiff Phillip Boswell has suffered mental anguish, grief and sorrow as a result of the death of his spouse, and is likely to continue to suffer for a long time in the future.

8.5 As a result of the wrongful death of decedent, Plaintiff Raney Reynolds has suffered damages in the past, including termination of the parent-child relationship and severe mental anguish, and will in reasonably probability, continue to suffer damages in the future as a direct result of the untimely death of her daughter, Shelia Boswell. She has suffered severe mental depression and anguish, grief and sorrow as a result of the death of her daughter, and she is likely to continue to suffer for a long time in the future. For these losses, Plaintiff Raney Reynolds seeks damages.

8.6 The decedent was also a loving and dutiful parent and provided reasonable services to her children. Decedent also provided her child with support, both emotional and financial, education and training, happiness and anticipation of all the pleasures and strengths that a parent can provide to her children, as well as the care, counsel, advice, nurture, guidance and affection both to and for her children in the future.

8.7 As a result of the wrongful death of decedent, Plaintiffs Tiffany Young, Tabatha Acker, Aaron Boswell, Jessica Carter and Taylor Young have suffered damages in the past, including termination of the parent-child relationship and severe mental anguish, and will in reasonably probability, continue to suffer damages in the future as a direct result of the untimely death of their mother, Shelia Boswell. They have suffered severe mental depression and anguish, grief and sorrow as a result of the death of their mother, and are likely to continue to suffer for a

long time in the future. For these losses, Plaintiffs Tiffany Young, Tabatha Acker, Aaron Boswell, Jessica Carter and Taylor Young seek damages.

## XI.

## SURVIVAL CLAIM FOR PERSONAL INJURIES TO SHELIA BOSWELL

9.1 This claim for damages resulting from the death of Shelia Boswell, hereinafter called "the decedent" is brought by Plaintiffs, who are his surviving husband, mother and children. This claim is based upon the facts and legal theories more fully set out hereinabove.

9.2 Any person required to be a named Plaintiff in this lawsuit to collect damages under Section 71.021, Texas Civil Practice and Remedies Code, is a named Plaintiff. Plaintiffs bring this survival action pursuant to Texas Civil Practice and Remedies Code, Section 71.021, because of personal injuries suffered by the decedent, which resulted in her death, based upon the facts and legal theories more fully set out hereinabove.

9.3 Plaintiffs seek damages for the conscious pain and suffering and mental anguish that the decedent suffered prior to death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of such wrongful death.

## X.

## RELIEF

10.1 As a result of the harms, losses and damages set forth above, Plaintiffs seek actual damages from the Defendants, jointly and severally, in the amount of $1,500,000.00.

## XI.

## DEMAND FOR JURY TRIAL

11.1 Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution, and pursuant to Fed. R. Civ. P. 38, demand a trial by jury on all issues.

## XII.

## <u>CONCLUSION</u>

Plaintiffs request that Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing, the Plaintiffs have a judgment against the Defendants, for the amount of actual damages, and for such other and different amounts as they shall show by proper amendment before respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for actual damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity, both general and special, to which the Plaintiffs may show themselves entitled to and to which the Court believes them deserving.

Dated: December 29, 2017                    Respectfully submitted,

                                                  THE LIEBBE FIRM, P.C.

*/s/ Bill Liebbe*
Bill Liebbe
State Bar No.  12331300
LiebbeFirm@LiebbeFirm.com
805 South Broadway Ave.
Tyler, TX  75701
Telephone:  (903) 595-1240
Facsimile:  (903) 595-1325

Counsel for Plaintiffs

LAW OFFICE OF JIM CLEMENTS

*/s/ Jim Clements*
Jim Clements
State Bar No.  00787251
jclementslaw@aol.com
9442 Capital of Texas Highway North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
Telephone:  (512) 478-4489
Facsimile:  (512) 961-3281

Counsel for Plaintiffs

- 12 -

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document has been served upon all interested counsel by means authorized by the applicable Rules of Civil Procedure, on this 29th day of December, 2017.

>Alan David Harrel
>ATCHLEY, RUSSELL, WALDROP & HLAVINKA, L.L.P.
>1710 Moores Lane – P.O. Box 5517
>Texarkana, Texas 75505-5517
>*By email* aharrel@arwhlaw.com
>
>Kevin W. Yankowsky
>Christopher L. Conatser
>NORTON ROSE FULBRIGHT US, LLP
>Fulbright Tower
>1301 McKinney, Suite 5100
>Houston, Texas 77010-9095
>*By email* kevin.yankowsky@nortonrosefulbright.com